UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19 CV 868 RWS |
| ) | |
| GOVERNMENT EMPLOYEES ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case was originally filed in the Circuit Court of St. Louis County, State of Missouri. The case was removed to this Court by Defendant Government Employees Insurance Company (GEICO) based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Plaintiff Marvin Mitchell filed a motion to remand the case arguing that GEICO has failed to prove that the amount in controversy exceeds $75,000, exclusive of interest and costs.

Mitchell's state court petition alleges that on June 9, 2018, he was struck by an uninsured motorist while he was driving his car. Mitchell alleges that he sustained permanent, progressive, and disabling injuries to his shoulder, neck, and back. Mitchell had an automobile insurance policy with GEICO. Mitchell made a demand on GEICO to provide coverage under the uninsured motorist provisions of his policy. Mitchell asserts that GEICO refused to pay for his loss. Mitchell filed

this lawsuit asserting a breach of contract claim and a vexatious refusal to pay insurance proceeds claim.  Mitchell's state court petition did not state the amount he seeks in damages.

GEICO removed the case to this Court asserting that the amount in controversy exceeds $75,000.  GEICO argues that four facts support its position.  First, GEICO's policy with Mitchell insures three vehicles each with a $50,000 per person uninsured motorist limit.  GEICO asserts that Missouri law permits the stacking of the uninsured motorist coverage for these three vehicles making a total of $150,000 available to Mitchell if he succeeds in his claim.  Second, GEICO argues that Mitchell is asserting permanent disabling injuries to his shoulder, neck and back which implicates an injury greater than $75,000.  Third, GEICO highlights that Mitchell has asserted a claim for vexatious refusal which increases the amount in controversy.  Finally, in its removal papers, and again in its response to Mitchell's motion to remand, GEICO asserts that Mitchell made a verbal demand of $1,000,000 to settle the case.

The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  All doubts about federal jurisdiction must be resolved in favor of remand.  Id.  The party seeking removal must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the

plaintiff suffered are greater than $75,000.  Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).   This standard applies when either the state petition does not allege a specific amount in controversy or it alleges an amount under the federal jurisdictional limit.  Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Id.  In the Eighth Circuit, a plaintiff seeking remand may clarify his damages by entering a binding stipulation that he will not seek or accept damages in excess of $75,000, exclusive of interest and costs.  See Edgecombe v. Safeco Insurance Company, 4:18 CV 658 RWS (E.D. Mo. May 4, 2018);  Meier v. Safeco Insurance Company, 4:19 CV 262 RWS (E.D. Mo. March 21, 2019).

In response to GEICO's removal, Mitchell filed a motion to remand.  Instead of stipulating that he will not seek or except damages in excess of $75,000, Mitchell's counsel attempts to undermine the factual basis of GEICO's removal.  Although he does not deny the allegation that he made a "verbal" demand of $1,000,000, he asserts that GEICO made this allegation "without proof or merit" and that an affidavit supporting that allegation would be subject to "cross examination."  Mitchell's counsel apparently dismisses his alleged verbal demand as immaterial and focuses instead on the fact that he made a written demand to settle this matter for $60,000.  He also downplays Mitchell's allegation that he has

permanent disabling injuries to his shoulder, back, and neck which could merit damages in excess of $75,000. Moreover, Mitchell's counsel misstates the burden that GEICO must establish for removal when he asserts that Mitchell's claim of a permanent injury "does not prove the jurisdictional amount to a legal certainty." GEICO's proof in support of removal is not held to a legal certainty standard, it merely must support its amount in controversy contention by a preponderance of evidence standard. Mitchell's counsel also asserts that Mitchell's medical bills to date are only $13,927,71 and do not support an inference that Mitchell could be awarded more than $75,000 in damages by a jury. Yet Mitchell does not limit his medical damages to that amount and does not state that he will not seek further treatment for his injuries. Mitchell's counsel ignores the fact that Mitchell has asserted permanent disabling injuries which makes it not out of the realm of possibilities that he will seek further treatment.

    I find that GEICO has provided sufficient proof to conclude by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000. The proverbial ball is now in Mitchell's court to establish to a legal certainty that his claim is for less than $75,000. He may do so by filing an affidavit in which he unconditionally declares he will not seek or accept any more than $75,000, exclusive of interest and costs. This is not Mitchell's counsel's first experience at opposing removal to this Court. He is fully aware of the type of affidavit and / or stipulation that Mitchell needs to file in this matter, if he so

chooses, to establish grounds for remand. See Keithly v. Mocadlo, 4:16 CV 1892 JMB (Doc. # 19 E.D. Mo. March, 6, 2017).

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Marvin Mitchell shall file a reply regarding his motion to remand no later than **May 2, 2019**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2019.